## Commonwealth v. Kriebel

*Joseph T. Strong, assistant district attorney,* for the Commonwealth.

*Jack I. Lowe Jr.,* for defendant.

ALEXANDER, *P.J.,* June 5, 1990—The defendant was charged for failing to stop and give information at the scene of an accident (75 Pa.C.S. §3742(a)(1)) and for driving at a speed greater than reasonable under the circumstances (75 Pa.C.S. §3361). This court granted defendant's motion for a mistrial because of the repeated efforts by the assistant district attorney to elicit hearsay testimony from the arresting officer who was the first witness to testify at the trial. When the Commonwealth attempted to retry the case, the defendant moved to dismiss on the grounds that the assistant district attorney had intentionally caused the mistrial, and that a re-trial would therefore be barred by the Double Jeopardy Clauses of the Fifth Amendment of the U.S. Constitution and of the Pennsylvania Constitution (Art. I, section 10). The defendant's motion to dismiss is granted.

## STATEMENT OF ISSUE

The only issue before this court is whether the objective facts and circumstances of this case support the inference that the misconduct of the assistant district attorney was calculated to force a mistrial, thereby causing the re-trial to be barred on double jeopardy grounds.

## OBJECTIVE FACTS AND CIRCUMSTANCES

To analyze the misconduct of the assistant district attorney in this context, this court is called upon "simply to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances." *Commonwealth v. Simons,* 514 Pa. 10, 522 A.2d 537 (1987); *Oregon v. Kennedy,* 456 U.S. 667 at 675, 102 S.Ct. 2083 at 2089 (1982). The following is a resume of those objective facts and circumstances:

Before any testimony was taken at the trial, the assistant district attorney approached the bench and informed the court and the attorney for the defendant that he intended to call a witness whose identity was not divulged to the defense counsel in a previous meeting in the judge's chambers.

The assistant district attorney explained that the undisclosed witness was a person who saw the license number of the vehicle involved in the accident, wrote it down and turned it over to the victim who gave it to the police. The assistant district attorney also stated that they were unable to locate this witness until just before the trial.

Defense counsel produced a copy of his letter to the district attorney's office asking for the names of witnesses. The assistant district attorney stated that his office normally responds to this type of letter by directing the defense counsel to acquire the names

of witnesses from the police. Neither attorney could give the court any evidence that this response was made and this court therefore ruled that the witness could not testify unless and until the assistant district attorney could produce a copy of the letter which he contended was sent to the defense counsel describing how the identity of the witnesses could be obtained. The assistant district attorney thought that he could obtain that letter and the court advised him that he was entitled to a recess if he needed time to find it. No recess was requested by the assistant district attorney.

The basic issue at the trial was going to be the identification of the defendant's vehicle as the vehicle which left the scene of the accident and the identification of the defendant as the driver of that vehicle.

The only witness to testify at the trial was the arresting officer. The first objection arose when the arresting officer was asked what he observed upon his arrival at the accident scene, and in his answer he started to tell what the operator of the vehicle damaged in the accident had told him.

The defense attorney asked to approach the bench and at side bar objected to the hearsay testimony. At this side bar conference the assistant district attorney explained to the court that it was his contention that statements made to the officer were not hearsay since he was offering them to prove probable cause, and therefore were not being offered for the truth of the matter stated.

This court explained to the assistant district attorney that probable cause was not an issue at this stage of the proceedings, and, therefore, any testimony from the arresting officer which he acquired from statements made to him by others would be hearsay since the only relevancy of those facts

would be to the truth of the matter stated. Such statements would not be relevant if offered to show probable cause since probable cause was not an issue. The discussion of the admissibility of the statements made to the arresting officer continued throughout the entire testimony.

This court sustained the objection, and when the witness continued to attempt to testify as to statements made to him or as to facts which were obtained by him from such statements, the defense attorney objected again, and the objection was also sustained.

The witness persisted and the defense counsel objected again. At this point the court instructed the jury to disregard everything which it had heard concerning what had been told to the police officer.

Three questions later, the assistant district attorney asked the police officer the following question:

"Did you ever determine through your investigation the ownership of the vehicle that left the scene of the accident?"

When the police officer began his answer by saying that he had determined the ownership, the defense attorney again objected. The objection was sustained and the jury again instructed to disregard the partial answer.

The next question asked by the assistant district attorney began with the phrase, "After determining the ownership of that vehicle," and the defense counsel again objected on the grounds that there had been no indication yet as to who owned the vehicle. This objection was sustained.

The assistant district attorney continued to press the witness for further information about who owned the vehicle involved in the accident by asking the witness general questions about the investigation. When the witness began an answer with the

statement, "There again I determined who the owner of the vehicle was," defense counsel again objected. The objection was sustained and the jury was again instructed to disregard.

The assistant district attorney then asked the witness about interviewing the defendant's father. The defendant objected on the grounds that there had been no evidence yet that the defendant was involved in the accident, and the court sustained that objection.

The assistant district attorney next asked the arresting officer if he had interviewed Susan Murray of Sligo, Pennsylvania. Susan Murray was the witness who allegedly saw the license plate of the vehicle involved in the accident, and who the court ruled before the trial began could not testify unless the alleged letter of the assistant district attorney to the defense counsel could be produced.

The defense counsel did not object to this line of questioning until the assistant district attorney asked the arresting officer how he knew that Susan Murray had information concerning the accident, the answer to which question would obviously be hearsay. At this point defense counsel objected and asked to approach the bench.

At side bar defense counsel asked for a mistrial and a discussion took place between the assistant district attorney and the court concerning the issue of whether or not evidence which would otherwise be hearsay could be introduced at this time to show probable cause. This court specifically asked the assistant district attorney if it was still his position that the statements said to the police officer were not hearsay because they were being offered to show probable cause, and the assistant district attorney stated that was still his position.

This court denied defense counsel's motion for mistrial but attempted to eliminate the prejudice to the defendant by instructing the jury to disregard all of the statements made by the police officer concerning what had been said to him.

The assistant district attorney then asked the arresting officer who he had arrested in this case, and when the arresting officer stated that he had arrested the defendant, the assistant district attorney asked him why he had done that.

When the arresting officer began to answer that question by stating that he had arrested the defendant because he had found out through his investigation that he was involved in the accident, the court asked both counsel to again approach the bench. Another discussion took place between the court and the assistant district attorney concerning the impropriety of the witness' telling the jury that the defendant was the owner and driver of the car when that knowledge had been derived from statements made to the witness by others. The court had asked counsel to approach the bench before defendant had made any objection, but the defendant requested a mistrial when he came to side bar.

In response to defendant's second request for a mistrial, the court stated, "I think it is awful close to where I am going to have to grant the mistrial, but I will go ahead and my instructions will be that they do not rely on anything so far, because there is no evidence as to the guilt of the defendant and we will see how you develop the rest of the case. But I do not want anymore evidence from this witness as to how he acted on hearsay information. . . ."

The assistant district attorney continued to question the arresting officer until he asked him how he

could have determined the location of the accident in view of the fact that the cars were not there when he arrived.

In attempting to answer that question, the arresting officer stated that he "had other information, but I can't say how I got it." Defense counsel objected to this answer, the court sustained the objection and again the jury was instructed to disregard the statements of the arresting officer.

Defense counsel again asked to approach the bench and for the third time moved for a mistrial.

Before this court ruled on the defendant's motion, it asked the assistant district attorney why he did not put witnesses on the witness stand who had first hand information about the accident. The assistant district attorney replied that he was going to do that but that he would "determine the order of proof."

At this point, the court granted the defendant's motion for mistrial.

## SPECIFIC FINDINGS OF FACT

This court finds the following specific facts:

(1) The misconduct of the assistant district attorney was planned by him and was calculated by him to force a mistrial.

(2) The misconduct of the assistant district attorney was undertaken with the specific intent to precipitate a mistrial.

## DISCUSSION OF LAW AND ANALYSIS

The retrial of the defendant will be barred by double jeopardy protection only if the planned misconduct of the assistant district attorney was calculated to force a mistrial. *Commonwealth v. Simons*, 514 Pa. 10, 522 A.2d 537 (1987).

The assistant district attorney's misconduct must be analyzed by this court by "inferring the existence or non existence of intent from objective facts and circumstances." *Commonwealth v. Simons*, 514 Pa. 10, 522 A.2d 537 (1987); *Oregon v. Kennedy*, 456 U.S. 667 at 675, 102 S.Ct. 2083 at 2089 (1982). When the brief testimony of the arresting officer is examined, this court believes that no other reasonable inference can be drawn other than that the assistant district attorney continued with the interrogation of the witness to force a mistrial. Objections to the line of questioning were made on ten occasions, and the jury was instructed to disregard the questions and answers on six occasions.

When the second motion for mistrial was made by defense counsel, the court stated at side bar that it was "awful close" to the point where mistrial would be granted.

This court granted the defendant's third motion for mistrial because it believed that it had become impossible for the defendant to have a fair trial after the assistant district attorney's continuous attempt to illicit facts from the arresting officer which had been acquired from statements made by others. The court had already admonished the jury six times to disregard the question and answers. Furthermore, the assistant district attorney had made it clear to the court that he was going to continue the line of questioning of the arresting officer when he told the court that, "I will determine the order of proof."

The prejudicial effect of the assistant district attorney's continuous attempt to link the defendant or his automobile to the accident was greater to this defendant than it would have been to a defendant whose identity was not the crucial issue in the trial as it was in this trial.

The assistant district attorney had to know that his course of conduct was going to provoke a mistrial. Negligence, or even recklessness, cannot adequately explain the assistant district attorney's persistence. The only reasonable inference which can be drawn by this court is that the assistant district attorney specifically intended to abort the trial.

The fact that the witness at times did not answer responsively to the precise question asked by the assistant district attorney, is no excuse for the assistant district attorney's conduct. It was very obvious that the questions being asked by the assistant district attorney were going to continue to provoke answers from the arresting officer which were predicated upon statements which were made to him.

The arresting officer himself demonstrated that he was more reluctant to defy the instructions of the court than was the assistant district attorney, when he finally stated that he "had other information, but I can't say how I got it." This frustrated response by the arresting officer was no more than the direct result of the assistant district attorney's persistence in asking the arresting officer questions which could only be answered by his reference to facts which he learned from statements made to him by others.

It is not pertinent to the issue before this court whether or not this court was correct in all of the rulings which it made during the trial. The issue before this court is not the correctness of those rulings but whether or not the assistant district attorney intended to provoke a mistrial.

It may be suspected that the assistant district attorney intentionally provoked a mistrial because he wanted time to comply with the court's ruling

that he had to produce the alleged letter before the testimony of one of his witnesses could be offered. This court does not believe, however, that it is incumbent upon it to attribute any particular motive to the conduct of the assistant district attorney.

This court finds that when it examines the facts and circumstances of this case, including the demeanor of the assistant district attorney during the trial, that the only reasonable inference that can be drawn from those facts and circumstances is that the assistant district attorney intended to precipitate a mistrial.

Hence this order.

## ORDER

And now, June 5, 1990, for the reasons set forth in the foregoing opinion, the motion of the defendant to dismiss is granted for the reason that a retrial of the defendant would be barred on double jeopardy grounds.